IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIANCA HARDEN,<br>  &#124;<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN HEALTH REFORM<br>SOLUTIONS, LLC,<br>d/b/a AMERICAN HEALTH<br>MARKETPLACE,<br><br>    Defendant. | Case 1:25-CV-01642-TRJ-JEM |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant, AMERICAN HEALTH REFORM SOLUTIONS, LLC, d/b/a AMERICAN HEALTH MARKETPLACE ("Defendant"), by and through undersigned counsel, hereby files its response to Plaintiff's motion for protective order (Doc 32), and states as follows:

This Court should deny Plaintiff's motion for protective order. Initially, the Court should note Plaintiff is causing the parties and this Court to waste precious resources, as her previously filed motion to quash already contained a motion for protective order. *See* Doc 26. Moreover, like her previously and prematurely filed

Page **1** of **4**

motion to quash, *see* Doc 30, Plaintiff completely failed to confer in good faith regarding the relief requested in her present motion for protective order, in violation of this Court's Order and the applicable procedural rules. *See* Doc 14, p. 2, section III.(B); Fed. R. Civ. P. 26(c) and 37; LR 37.1(A), N.D. Ga.

Like her previously filed motions to quash and for protective order, Plaintiff's latest motion stems from Defendant's service of several Rule 45 subpoenas to non-parties for documents, of which Plaintiff, of course, received notice. Plaintiff claims the subpoenas "seek highly personal medical and counseling information that is not proportional to the needs of this employment-related dispute," yet she failed to confer with Defendant's counsel whatsoever before filing this motion.

The fact is, Defendant served subpoenas on Plaintiff's physician who treated her for the pregnancy and childbirth which is the subject of this case, as well as the mental therapists Plaintiff identified in her recent Court-ordered continued deposition who treated her for alleged damages she is claiming in this case. Plaintiff failed to indicate why the subpoenas were not proportional. Defendant in no way sought Plaintiff's "entire medical history". Rather, Defendant's subpoenas narrowly seek information leading to the discovery of admissible evidence in this case. For example, one of the issues in this case are

the doctor's notes and certifications Plaintiff eventually provided to Defendant; certainly, Defendant is entitled to discovery of Plaintiff's treating physician to compare that which is contained in the medical file against that which was provided to Defendant. That does not seem like a disproportional request. Additionally, Plaintiff claimed she was prescribed certain medication relating to the depression and anxiety she claims Defendant caused by terminating her employment, yet failed to identify the medication's name or dosage, nor the date it was prescribed.

Notwithstanding, Defendant has no intention of using any records received for any purpose other than narrowly connected to this litigation. Defendant certainly has no intention of disseminating these records without Court approval (or, frankly, at all).

Date: April 20, 2026                    Respectfully submitted,

**LEVINE FRANK PLLC**

By: */s/ Daniel R. Levine*
Daniel R. Levine (*pro hac vice*)
Robin I. Frank (*pro hac vice*)
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 658-1102
DRL@LevineFrank.com
RIF@LevineFrank.com

and

**GREENBERG TRAURIG, LLP**

By: */s/ Jordana R. Sternberg*
Jordana R. Sternberg
(Ga. Bar No. 678440)
Terminus 200
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2296
Jordana.Sternberg@gtlaw.com

*Counsel for Defendant American Health Reform Solutions, LLC, d/b/a American Health Marketplace*